State v. Leonard

---

---

STATE OF NORTH CAROLINA v. DAVID CHARLES LEONARD

No. 7422SC433

(Filed 5 June 1974)

Criminal Law § 90— allowing State to examine own witness as hostile witness

The trial court did not err in granting the State's motion to be allowed to examine its own witness as a hostile witness where the witness unexpectedly attempted, through vague answers, to avoid giving specific and detailed material testimony which he had previously included in voluntary statements given to law officers.

ON *Certiorari* to review defendant's trial and conviction before *Rousseau, Judge,* 21 June 1973 Session of Superior Court held in DAVIDSON County.

Defendant was indicted for feloniously receiving stolen goods, to which he pled not guilty. The State's evidence showed:

In the late evening of 20 March 1973, State's witness Timothy Coe and four other youths broke into Temple's Grocerteria in Lexington, N. C., removed therefrom approximately $1,300.00 worth of merchandise, including knives, stereophonic equipment and ammunition, and carried the same to the living room of defendant's house. Earlier in the day, defendant had been told of the planned break in, and he had told Coe and the others what items to look for. Defendant was present when the stolen goods were delivered to his house and supervised their placement in his living room. Armed with a search warrant, investigating officers discovered the bulk of the stolen goods in the attic of defendant's house at 6:00 a.m. on the morning after the break in. The jury found defendant guilty as charged, and judgment was entered thereon imposing sentence of imprisonment. Defendant gave notice of appeal. To permit perfection of the appeal, this Court subsequently granted his petition for writ of certiorari.

*Attorney General Robert Morgan by Associate Attorney Robert R. Reilly for the State.*

*Larry L. Eubanks for defendant appellant.*

PARKER, Judge.

The single question for review is presented by defendant's contention that the trial court erred in granting, over timely objection, the State's motion to be allowed to examine its own witness, Timothy Coe, as a hostile witness. The record indicates that at the beginning of direct examination, immediately before the State's motion, Coe unexpectedly attempted, through vague answers, to avoid giving specific and detailed material testimony which he had previously included in voluntary statements given to law officers. In thereafter allowing the solicitor to examine Coe with leading questions based upon these prior statements, the trial court did not abuse its discretion. It is clear that the solicitor was taken by surprise by the witness's evasive answers, and the questions were not asked for the purpose of discrediting the witness, but to give the witness opportunity "to set the matter right." See *State v. Anderson*, 283 N.C. 218, 195 S.E. 2d 561.

No error.

Judges VAUGHN and CARSON concur.